**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID C. STEINHAUER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 01481 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN T. ELSNER, Chief Judge, | ) | Judge Edmond E. Chang |
| LINDA E. DAVENPORT, Associate | ) | |
| Judge Circuit Court of the Eighteenth | ) | |
| Judicial Circuit, SCOTT WALTHIUS, | ) | |
| Attorney at Law, and CYNTHIA L. | ) | |
| STEINHAUER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Steinhauer, representing himself *pro se*, brought this lawsuit against his ex-wife Cynthia Steinhauer (to avoid confusion, she will be referred to by her first name), her lawyer Scott Walthius, Judge Linda Davenport, and Chief Judge John Elsner, alleging fraud, conspiracy to commit fraud, and malicious prosecution.[1] Specifically, Steinhauer alleges that Cynthia Steinhauer and Scott Walthius conspired with Judge Davenport during his divorce proceeding to obtain certain rulings on marital property. Steinhauer also alleges that the Defendants violated his right to due process under 18 U.S.C. § 241. Finally, Steinhauer claims that Judge Davenport maliciously prosecuted him during the divorce proceedings. Scott Walthius and Judge Davenport now move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil

---

[1] Plaintiff voluntarily dismissed Chief Judge Elsner on June 4, 2012, R. 22, 23. Thus, only Walthius, Davenport, and Cynthia Steinhauer remain as defendants.

Procedure 12(b)(1) and 12(b)(6). R. 12, 25. Walthius moves for sanctions against Plaintiff under Rule 11. R. 33. For the reasons stated below, the Defendants' motions to dismiss are granted in their entirety, but Walthius's motion for Rule 11 sanctions is denied.

I.

In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in Steinhauer's favor. *Ashcroft v. al-Kidd*, — U.S. —, 131 S.Ct. 2074, 2079 (2011). Plaintiff David Steinhauer was married to Defendant Cynthia Steinhauer for around 20 years before the couple filed for divorce in 2007. R. 1, Compl. Arg. and Exh. at 1. On May 2, 2007, David and Cynthia Steinhauer appeared before Judge Davenport in DuPage County Circuit Court for their divorce proceeding. Compl. ¶ 1. During the proceeding, Cynthia testified that only two mortgages existed on certain real property owned by her. Compl. Arg. and Exh. at 1. Steinhauer claims that in reality, he was named on three other mortgages that were purposefully not disclosed in court. *Id.* at 3-4. Steinhauer alleges that Cynthia and her attorney, Scott Walthius, knew that other mortgages existed on the property but failed to identify the other mortgages in an effort to defraud Steinhauer of his rightful portion of the marital property. *Id.* at 2.

Steinhauer also accuses Judge Davenport of conspiring with Walthius and Cynthia Steinhauer to defraud him of his property. According to the Complaint, Judge Davenport's role in the conspiracy is "a matter of circumstantial evidence." *Id.* at 4. Steinhauer alleges that Judge Davenport's rulings during the divorce proceeding—such

2

as improperly characterizing Steinhauer's improvements to the marital property as "repairs," and excluding Steinhauer's evidence of his role in the management and upkeep of the property—contributed to the conspiracy to defraud and deprived him of his property interest under the Fifth and Fourteenth Amendments. *Id.* at 6, 14. Finally, Stienhauer claims that Judge Davenport "assume[d] the role of auditor and prosecutor" and maliciously prosecuted Steinhauer when she falsely charged him with "dissipation of marital funds" where no charges were in order. *Id.* at 10-11.

## II.

The dismissal motions challenge the complaint on both subject matter jurisdiction grounds and for failing to state a claim. With regard to subject matter jurisdiction, Federal Rule of Civil Procedure 12(b)(1) provides the procedural vehicle by which the defendant may move a federal court to dismiss a claim or suit on the ground that the court lacks jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

With regard to failure to state a claim, under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v.*

*Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen a ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III.

Walthius advances two theories under which Steinhauer's complaint must be dismissed. First, he argues that Steinhauer's complaint should be dismissed for lack of subject matter jurisdiction. Second, he argues that dismissal is warranted because Steinhauer has failed to state a claim on which relief can be granted. As explained below, each of these theories offers an independent grounds for dismissal.

### A.

4

Walthius argues that Steinhauer's complaint should be dismissed because the court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) to adjudicate his claims. R. 12, Def.'s Mot. Dismiss ¶¶ 1, 7. Specifically, Walthius contends that the *Rooker-Feldman* doctrine prohibits lower federal courts from reviewing state court decisions, and thus the Court must dismiss Steinhauer's complaint for lack of subject matter jurisdiction.

Under the *Rooker-Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *See Feldman*, 460 U.S. at 482 n.16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court."). *Rooker-Feldman* thus requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately the Supreme Court.[2] *See Centres, Inc. v. Town of Brookfield*, 148 F.3d. 699, 701-02 (7th Cir. 1998). The doctrine stems, in part, from recognition of the fact that "a decision by a state court, however erroneous, is not itself

---

[2]It appears that Steinhauer did first pursue relief through the Illinois state courts before filing the current complaint in federal court; eventually, the Illinois Supreme Court denied his petition for leave to appeal. *See Steinhauer v. Steinhauer*, 938 N.E.2d 531 (Ill. 2010) (No. 110553).

a violation of the Constitution actionable in federal court." *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995). "At its core, the doctrine is a recognition of the principle that the inferior federal courts generally do not have the power to exercise appellate review over state court decisions." *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509 (7th Cir. 1996).

Because the *Rooker-Feldman* doctrine is jurisdictional in nature, its applicability must be determined before considering the defendants' other affirmative defenses. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). In determining whether the *Rooker-Feldman* doctrine applies in a particular case, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Id.* "If the injury alleged resulted from the state court judgment itself, the *Rooker-Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." *Centres*, 148 F.3d at 702 (footnote omitted). On the other hand, "if the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply, although the doctrines of claim and issue preclusion may be applicable." *Id.* The pivotal inquiry is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Kamilewicz*, 92 F.3d at 510; *see also GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993).

Here, Steinhauer contends that the *Rooker-Feldman* doctrine does not apply because he is bringing an independent action against Defendants for their allegedly

illegal activities in the state court proceedings. R. 28, Pl.'s Rebuttal at 6. This argument is meritless. That Steinhauer seeks to have this Court review the state court ruling in his divorce proceedings in violation of *Rooker-Feldman* is apparent from his complaint, where he asks the Court to vacate Judge Davenport's judgment and, on top of that, remand the state case to a new state judge in a different jurisdiction. Compl. at 3. It is true that the *Rooker-Feldman* doctrine is narrow, and that it applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Crawford v. Countrywide Home Loans*, 647 F.3d 642, 645-46 (7th Cir. 2011) (quotation and citations omitted) (challenge to mortgage foreclosure judgment was precluded by *Rooker-Feldman* doctrine). But Steinhauer is not seeking vindication of some independent claim or right separate and apart from the divorce proceedings. Rather, he is requesting that the Court throw out the state court's ruling entirely and grant him a new trial. The *Rooker-Feldman* doctrine forbids this Court from doing so.

The analysis of very similar facts in *Davit v. Davit*, 366 F.Supp.2d 641 (N.D. Ill. 2004), is helpful in drawing the distinction between injuries resulting from state court judgments and independent claims that fall outside the ambit of the *Rooker-Feldman* doctrine. In *Davit*, the plaintiff brought suit under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.,* alleging that his ex-wife, her attorney, and state judges involved in his divorce proceedings had conspired to achieve illegal rights to the marital residence, child support, and maintenance. The

7

court dismissed the plaintiff's complaint for lack of subject matter jurisdiction, holding that the RICO claims were barred by the *Rooker-Feldman* doctrine. *Id.* at 651. The plaintiff argued that *Rooker-Feldman* did not apply because he was not challenging the state court judgments; rather, the state court orders were evidence of the RICO violations. *Id.* at 652. The court rejected this argument, pointing out that "[i]f the state proceedings had gone in [plaintiff's] favor many—if not effectively all—of the injuries that he alleges that he suffered in this suit would not have occurred." *Id.* In other words, because the plaintiff would not be claiming injuries in federal court but for the fact that he lost in state court, the plaintiff's federal claims arise directly from the state court judgment for purposes of the *Rooker-Feldman* doctrine.

*Davit*'s reasoning is applicable to Steinhauer's federal court claims. Like Mr. Davit, Steinhauer would have no claim of conspiracy but for the fact that he lost in the underlying divorce proceedings. If the outcome of the state court proceedings had been favorable to Steinhauer, he would not have suffered an injury. This conclusion, as observed in *Davit*, is especially appropriate in light of the Seventh Circuit's teaching that "[t]he focus upon injury at the hands of a state court is particularly apparent in cases where the federal plaintiff is actually suing the state court or state court judges." *Garry*, 82 F.3d at 1367-68 n.10. Accordingly, this Court concludes that it lacks subject matter jurisdiction over Steinhauer's claims under the *Rooker-Feldman* doctrine, and Steinhauer's complaint must be dismissed in its entirety.

**B.**

Walthius argues that in the alternative, Steinhauer's complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court agrees. Even if the Court were to broadly consider the allegations in Steinhauer's "motion for relief from judgment" [R. 5] in conjunction with his complaint, Steinhauer has not alleged enough facts to state a claim on which relief can be granted.

First, Steinhauer claims that Judge Davenport, Cynthia Steinhauer, and Scott Walthius acted under color of law to violate his civil rights under 18 U.S.C. § 241. *See* Compl. Arg. and Exh. at 8. This claim must be dismissed because 18 U.S.C. § 241 is a federal *criminal* statute defining civil rights violations that confers no private right of action. *See Pawelek v. Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D. Ill. 1983). However, because Steinhauer is a *pro se* plaintiff, this Court is obligated to consider whether there are other viable claims that are alleged in the complaint.[3] *Id.* at 1083. Thus, to the extent that Steinhauer intended to bring a claim under 42 U.S.C. § 1983, the Court will analyze his claim under the § 1983 framework.

But even if we construe Steinhauer's complaint as bringing a § 1983 claim, he still fails to state a claim on which relief can be granted. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that (1) some person has deprived him of a federal right; and (2) the person who deprived him of the right acted under color of state law. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Here, Steinhauer

---

[3]Indeed, district courts have a special responsibility to construe complaints liberally and to allow ample opportunity for amending a complaint when it appears that by doing so *pro se* litigants will be able to state a meritorious claim. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996).

9

claims that Walthius and Cynthia Steinhauer conspired with Judge Davenport to deprive him of his civil rights under color of state law. The Supreme Court has held that private parties who conspire with a judge to violate a plaintiff's federal rights are acting under color of state law for purposes of § 1983. *Dennis v. Sparks*, 449 U.S. 24, 29 (1980). But to establish § 1983 liability through a conspiracy theory, Steinhauer must plead that (1) a state official and private individuals reached an understanding to deprive him of his constitutional rights; and (2) those individuals were willful participants in joint activity with the state or its agents. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

Here, Steinhauer has alleged insufficient facts to show that Walthius and Cynthia Steinhauer acted under color of state law. Steinhauer's complaint and "motion for relief from judgment" do not specifically allege that Walthius and Cynthia Steinhauer had an understanding with Judge Davenport to deprive him of his constitutional rights. Instead, the complaint merely states that Judge Davenport's role in the conspiracy was "a matter of circumstantial evidence." Compl. Arg. and Exh. at 4. Moreover, in his motion for relief from judgment, Steinhauer asserts that because none of the facts presented in the divorce proceedings supported Judge Davenport's final decision, the only plausible explanation is that Judge Davenport was abetting Walthius and Cynthia Steinhauer's conspiracy. R. 5, Pl.'s Mot. Relief J. at 10. The conspiracy theory is not a plausible inference from a disagreement over the merits of the divorce proceedings. Because both the complaint and the "motion for relief from judgment" are bereft of any factual allegations that Walthius and Cynthia Steinhauer

had some sort of agreement with Judge Davenport to deprive Steinhauer of his constitutional rights, Walthius and Cynthia Steinhauer could not have been acting under color of state law. As the Supreme Court has pointed out, "merely resorting to the courts and being on the winning side of a lawsuit does not make a [private] party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28. Accordingly, Steinhauer's § 1983 claim is dismissed.

Second, Steinhauer claims that he was defrauded of his rightful interest in the marital property by Walthius and Cynthia Steinhauer. Compl. Arg. and Exh. at 2. To the extent that Steinhauer's complaint alleges common law fraud against Walthius, dismissal is also warranted. To make out a claim of fraud under Illinois law, Steinhauer must plead that (1) there was a false statement of material fact; (2) the statement was intentionally made; (3) the party to whom the statement was made had a right to rely on it, and in fact did; (4) the statement was made for the purpose of inducing the other party to act; and (5) the party reasonably relied on the statement to its detriment. *Connor v. Merrill Lynch Realty*, 581 N.E.2d 196, 200 (Ill. App. Ct. 1991). Here, even if we assume that Cynthia made a false statement of material fact during the divorce proceeding (namely, by testifying that there were only two mortgages on the marital property), Steinhauer's fraud claim still fails because the party to whom the statement was made was the state court itself, *not* Steinhauer. Under the fifth element, the court relied on Cynthia Steinhauer's statements in making its decision, but not to the court's own detriment. Rather, Steinhauer's fraud claim is predicated on the notion that Cynthia's false statements caused the state court

11

to render the decision it did—to *Steinhauer's* detriment. Thus, because the harmed party of Defendants' alleged fraud is not the same party who relied on the fraudulent statements, Steinhauer's claim for fraud must be dismissed.

Third, although it is unclear whether Steinhauer intended this, the Court also construes the complaint liberally to allege a common law claim for conspiracy to commit fraud. Compl. Arg. and Exh. at 2-4. Because Steinhauer has failed to state a claim for the underlying fraud, however, his claim for conspiracy must also fail. *See Indeck N. Am. Power Fund v. Northweb, PLC*, 735 N.E.2d 649, 662 (Ill. App. Ct. 2000) (when a plaintiff fails to state an independent cause of action underlying its conspiracy allegations, the claim for conspiracy also fails.). Accordingly, Steinhauer's substantive claims against Walthius are dismissed for failure to state a claim on which relief can be granted.[4]

### IV.

Defendant Cynthia Steinhauer has not brought any motions to dismiss. But because this Court is obligated to raise on its own motion issues of subject matter jurisdiction, *see Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005), Steinhauer's claims against his ex-wife—for the reasons discussed above—are also barred under the *Rooker-Feldman* doctrine.

Moreover, to the extent that any claims against Cynthia Steinhauer survive

---

[4]In Walthius's motion to dismiss, he also argued that claim preclusion is a basis for dismissal. However, because the Court has already agreed with two other independent grounds for dismissal, there is no need to address claim preclusion.

*Rooker-Feldman,* they are dismissed under Federal Rule of Civil Procedure 12(b)(6). *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) ("Sua sponte 12(b)(6) dismissals are permitted, provided that a sufficient basis for the court's action is evident from the plaintiff's pleading.") (internal citations omitted). This is because any legal arguments Cynthia Steinhauer could raise in favor of dismissal would be the same as those already made by her attorney, Scott Walthius. Because this Court has determined that dismissal of all claims against Walthius is warranted under 12(b)(6), the Court also dismisses all claims brought against Cynthia Steinhauer.

## V.

Judge Davenport's motion to dismiss adopts and incorporates the arguments raised in Walthius's motion to dismiss—namely, that the complaint against her should be dismissed under *Rooker-Feldman* and 12(b)(6). R. 25, Def's Mot. Dismiss ¶ 3. Thus, for all the reasons already discussed, the *Rooker-Feldman* doctrine and Rule 12(b)(6) provide sufficient grounds for dismissing the claims against Judge Davenport. But even if *Rooker-Feldman* did not apply, the doctrine of absolute judicial immunity provides an independent basis for dismissing Steinhauer's claims against Davenport.

The doctrine of absolute judicial immunity shields judges from civil liability for their judicial acts unless they have acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotations omitted). The doctrine stems from "a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" *Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2004) (quoting *Antoine v. Byers*

13

*& Anderson, Inc.*, 508 U.S. 429, 435-36 (1993)). Thus, a judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of her authority. *Stump*, 435 U.S. at 356-57. This is true even if the judge's exercise of authority is flawed by the commission of grave procedural errors. *Id.* at 359.

Two limits exist on the rule of absolute judicial immunity: first, judges are not immune from suits that challenge an action that is not judicial in nature; and second, a judge is not immune for actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). With respect to the second exception, the relevant inquiry is whether the judge in question acted in the complete absence of subject matter jurisdiction over the dispute. *See Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995) (internal citations omitted).

Neither of the limits is applicable here. First, Steinhauer's claims arise from Judge Davenport's actions during the divorce proceedings and were unquestionably judicial in nature. Second, Judge Davenport is a judge in the Circuit Court of DuPage County, Illinois, which has original subject matter jurisdiction over all justiciable matters, including divorce proceedings, subject to limited exceptions that are not applicable here. *See generally Employers Mut. Cos. v. Skilling*, 644 N.E.2d. 1163, 1165 (Ill. 1994) (internal citations omitted); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (noting that "state courts are more eminently suited to work [related to domestic relations] than are federal courts, which lack close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody degrees"). Because the court over which Judge

14

Davenport presides is one of general jurisdiction, she properly exercised subject matter jurisdiction over the Steinhauers' divorce proceeding, and any procedural errors she may have committed do not render her personally liable for her judicial actions. *See Stump*, 435 U.S. at 359-60. Accordingly, Judge Davenport is shielded from liability by absolute judicial immunity, and all claims brought against her are dismissed.

## VI.

Finally, Walthius brings a motion to impose Rule 11 sanctions on Steinhauer. R. 33, Def.'s Mot. Sanctions. Federal Rule of Civil Procedure 11 requires anyone presenting a pleading, written motion, or other paper to the court to certify that the documents (1) are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal arguments are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support; and (4) denials of factual contentions are warranted on the evidence. Fed. R. Civ. P. 11(b). If, after notice and an opportunity to respond, a court determines that Rule 11(b) has been violated, the court may impose appropriate sanctions on any attorney, law firm, or party that violates the rule. Fed. R. Civ. P. 11(c). Walthius contends that sanctions are appropriate here because Steinhauer's complaint is frivolous and Steinhauer brought this suit with the intent to harass those involved in the divorce proceedings. Def.'s Mot. Sanctions at 7.

For purposes of Rule 11, a complaint is "'frivolous' where a party or his attorney fails to make a reasonable inquiry into the facts or the law." *Kelly v. Mercoid Corp.*, 776

15

F.Supp. 1246, 1258 (N.D. Ill. 1991). In light of Steinhauer's status as a *pro se* litigant, we find that not to be the case here. As a lay person who is not trained in the law, Steinhauer cannot be held to the same expectations as a lawyer for making reasonable inquiries into his legal claims. It is clear from Steinhauer's briefs that he has spent a significant amount of time researching his legal arguments. Indeed, Steinhauer claims to have spent the last five years litigating his case by himself, and has had to drive 30 miles to the nearest district court law library to conduct legal research. R. 38, Pl.'s Resp. Br. at 12-13. That his efforts have yielded faulty results is no reason to find his inquiries unreasonable. *See, e.g.*, *Leistikow v. Mangerson*, 172 F.R.D. 403, 407 (E.D. Wis. 1997) (fact that plaintiff's complaint did not state a claim for relief did not automatically mean that his claims also failed to pass Rule 11 scrutiny, especially in light of plaintiff's *pro se* status).

This is all the more true in light of the discretion a court must exercise when imposing sanctions on *pro se* litigants. *See* Fed. R. Civ. P. 11 Advisory Committee Notes (1983 Amendments) ("Although the standard [for imposing Rule 11 sanctions] is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations."). The Seventh Circuit has adhered to the principle that *pro se* parties should be sanctioned under Rule 11 only after successive attempts to press a wholly frivolous claim. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1182 n.4 (7th Cir. 1989) ("[T]he district court is authorized to impose sanctions against a *pro se* plaintiff who *successively* seeks to press a wholly frivolous claim.") (emphasis added);

*Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985) (sanctions imposed for filing identical complaint to that previously dismissed for lack of jurisdiction). Here, there is no evidence that Steinhauer has made successive attempts to press his claims in federal court, even if his claims are frivolous. Accordingly, the Court holds that Rule 11 sanctions are unwarranted.

## VII.

For the reasons stated above, Steinhauer's complaint—including those claims brought against Cynthia Steinhauer—is dismissed with prejudice in its entirety. Defendant Walthius's motion for Rule 11 sanctions [R. 33] is denied.

ENTERED:

*Edmond E. Chang*
_____
Honorable Edmond E. Chang
United States District Judge

DATE: November 5, 2012